# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TRAMONTINA USA, INC, | § | |
| Plaintiff, | § | JUDGE: _____ |
| | § | |
| v. | § | CAUSE NO. _____ |
| | § | |
| SIMPLEHUMAN, L.L.C., | § | JURY DEMANDED |
| Defendant. | § | |

## PLAINTIFF TRAMONTINA USA, INC.'S
## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Tramontina USA, Inc. ("Tramontina") files this Original Complaint seeking declaratory relief against Defendant Simplehuman, L.L.C. ("Simplehuman").

### INTRODUCTION

1. Plaintiff Tramontina seeks a declaratory judgment that it does not infringe United States Patents No. 6,626,316 ("the '316 patent"), No. 7,225,943 ("the '943 patent"), and No. 7,748,556 ("the '556 patent") and that the claims of the '316 patent, the '943 patent, and the '556 patent are invalid.

### PARTIES

2. Plaintiff Tramontina is a corporation organized and existing under the laws of the State of Texas. Its principal place of business is located at 12955 West Airport Boulevard, Sugar Land, Texas 77478-6119.

3. Defendant Simplehuman holds itself out as a limited liability company organized under the laws of the State of California, with its principal place of business at 19801 South Vermont Avenue, Torrance, CA 90502. Simplehuman is not registered to do business in Texas and does not maintain an agent for service of process in Texas. Simplehuman may be served

with process in this action as provided under Rule 4 of the Federal Rules of Civil Procedure. Defendant can be served with process through its registered agent: Frank Yang, 19801 S. Vermont Ave., Torrance, CA 90502.

## JURISDICTION AND VENUE

4. By letter dated March 21, 2011, Defendant Simplehuman charged that certain of Plaintiff Tramontina's products infringe the '316 patent, the '943 patent, and the '556 patent, and requested that Plaintiff Tramontina "immediately cease" making and selling certain Tramontina products.

5. Under all the circumstances, a substantial controversy exists between Plaintiff Tramontina and Defendant Simplehuman, and such parties have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Further, the above facts establish that there has been both a threat of infringement by Defendant Simplehuman that was sufficient to create a reasonable apprehension in Plaintiff Tramontina of an infringement suit. Moreover, Defendant Simplehuman has asserted that products presently sold in the United States by Plaintiff Tramontina's products infringe the '316 patent, the '943 patent, and the '556 patent.

6. Plaintiff Tramontina's declaratory judgment claim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. Tramontina seeks a declaratory judgment, under 28 U.S.C. § 2201, regarding noninfringement and invalidity of the '316 patent, the '943 patent, and the '556 patent, for which Defendant asserts ownership. This Court has original and exclusive subject matter jurisdiction over these declaratory judgment claims under 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant Simplehuman is subject to personal jurisdiction in this action because it is deemed to reside in this judicial district and has sufficient minimum contacts with the State

of Texas to subject it to specific personal jurisdiction through forum contacts that are directly related to causes of action asserted by Plaintiff Tramontina in this Complaint.

8. Venue for Plaintiff Tramontina's declaratory judgment claim against Defendant Simplehuman is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b) because Simplehuman is deemed to reside in this judicial district, and because a substantial part of the events or omissions giving rise to Tramontina's declaratory judgment claim occurred in this judicial district.

## CLAIM FOR RELIEF

### COUNT I
### DECLARATORY JUDGMENT REGARDING
### NON-INFRINGEMENT AND INVALIDITY OF THE '316 PATENT

9. The '316 patent, attached hereto as Exhibit 1, was issued to Defendant Simplehuman on September 30, 2003.

10. Defendant Simplehuman asserts that it is the owner of the '316 patent.

11. An actual controversy exists between Plaintiff Tramontina and Defendant Simplehuman as to the noninfringement and invalidity of the '316 patent. Defendant Simplehuman has created a reasonable apprehension on the part of Tramontina that it will be subject to an infringement suit if it continues to sell its accused products.

12. Plaintiff Tramontina's accused products do not infringe any valid claim of the '316 patent. Tramontina seeks a declaratory judgment that its products do not infringe any valid claim of the '316 patent.

13. The claims of the '316 patent are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 102 and/or 103. Tramontina seeks a declaratory judgment that all asserted claims of the '316 patent are invalid.

14. Plaintiff Tramontina asserts that this is an exceptional case such that the Defendant Simplehuman should be required to pay Tramontina's reasonable attorney fees in accordance with 35 U.S.C. § 285.

## COUNT II
## DECLARATORY JUDGMENT REGARDING
## NON-INFRINGEMENT AND INVALIDITY OF THE '943 PATENT

15. The '943 patent, attached hereto as Exhibit 2, was issued to Defendant Simplehuman on June 5, 2007.

16. Defendant Simplehuman asserts that it is the owner of the '943 patent.

17. An actual controversy exists between Plaintiff Tramontina and Defendant Simplehuman as to the noninfringement and invalidity of the '943 patent. Defendant Simplehuman has created a reasonable apprehension on the part of Tramontina that it will be subject to an infringement suit if it continues to sell its accused products.

18. Plaintiff Tramontina's accused products do not infringe any valid claim of the '943 patent. Tramontina seeks a declaratory judgment that its products do not infringe any valid claim of the '943 patent.

19. The claims of the '943 patent are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 102 and/or 103. Tramontina seeks a declaratory judgment that all asserted claims of the '943 patent are invalid.

20. Plaintiff Tramontina asserts that this is an exceptional case such that the Defendant Simplehuman should be required to pay Tramontina's reasonable attorney fees in accordance with 35 U.S.C. § 285.

## COUNT III
## DECLARATORY JUDGMENT REGARDING
## NON-INFRINGEMENT AND INVALIDITY OF THE '556 PATENT

21. The '556 patent, attached hereto as Exhibit 3, was issued to Defendant Simplehuman on July 6, 2010.

22. Defendant Simplehuman asserts that it is the owner of the '556 patent.

23. An actual controversy exists between Plaintiff Tramontina and Defendant Simplehuman as to the noninfringement and invalidity of the '556 patent. Defendant Simplehuman has created a reasonable apprehension on the part of Tramontina that it will be subject to an infringement suit if it continues to sell its accused products.

24. Plaintiff Tramontina's accused products do not infringe any valid claim of the '556 patent. Tramontina seeks a declaratory judgment that its products do not infringe any valid claim of the '556 patent.

25. The claims of the '556 patent are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 102 and/or 103. Tramontina seeks a declaratory judgment that all asserted claims of the '556 patent are invalid.

26. Plaintiff Tramontina asserts that this is an exceptional case such that the Defendant Simplehuman should be required to pay Tramontina's reasonable attorney fees in accordance with 35 U.S.C. § 285.

### JURY DEMAND

27. Plaintiff Tramontina requests a jury on all issues triable by jury.

### PRAYER

Plaintiff Tramontina requests a judgment from this Court including the following:

a. a finding that Tramontina has not infringed any valid claim of the '316 patent;

b.  a finding that Tramontina has not infringed any valid claim of the '943 patent;

c.  a finding that Tramontina has not infringed any valid claim of the '556 patent;

d.  a finding that all claims of the '316 patent are invalid;

e.  a finding that all claims of the '943 patent are invalid;

f.  a finding that all claims of the '556 patent are invalid;

g.  a finding that this case is exceptional, and an order requiring Defendant Simplehuman to pay Tramontina's reasonable attorney fees in accordance with 35 U.S.C. § 285; and

h.  an order awarding Tramontina all such other and further relief as is available, at law or in equity, that this Court deems just, equitable, and proper under the circumstances.

Respectfully Submitted,

CONLEY ROSE, P.C.

Date: April 8, 2011

/s/Jonathan Pierce
Gregory L. Maag, Esq.
*Attorney-in-Charge*
Texas State Bar Number 12748500
Federal ID No. 841

Jonathan M. Pierce, Esq.
Texas State Bar Number 24027744
Federal ID. No. 23801
jpierce@conleyrose.com
CONLEY ROSE, P.C.
600 Travis, 71st Floor
Houston, Texas 77002
jpierce@conleyrose.com
Telephone: 713.238.8000
Facsimile: 713.238.8008

**ATTORNEYS FOR PLAINTIFF**

403772